IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JMSF ENTERPRISES. LLC**                                                              **PLAINTIFF**

v.                                        No. 2:23-cv-239-JM

**MOUNT VERNON FIRE**
**INSURANCE COMPANY**                                                              **DEFENDANT**

## ORDER

Pending is the Defendant's motion for partial summary judgment. (Docket # 20). Plaintiff has filed a response and Defendant has filed a reply. For the reasons stated herein, the motion is DENIED.

In 2022, Plaintiff JMSF Enterprises, LLC (hereinafter "JMSF") operated a liquor store in Wynne, Arkansas. On or about January 8, 2022, the building owned by JMSF and insured by Mount Vernon caved in. Mount Vernon determined that the building was a total loss due to a covered peril and paid the limits of the building coverage. JMSF also submitted losses for business personal property coverage. Mount Vernon paid $217,158.15 of the $350,000.00 business personal property limit. JMSF claims that Mount Vernon wrongly denied coverage for the remaining business personal property losses. Mount Vernon asks the Court to grant partial summary judgment finding specifically that the losses for refrigeration equipment, beverage refrigeration coolers and an air conditioner system are within the building coverage of the insurance policy and are not covered as business personal property. Of these specific claims, JMSF concedes that the air conditioner is not covered as business personal property but argues that the refrigerators or "coolers" are not permanently affixed to the structure and thus are not considered a part of the "building" under the policy, but rather are business personal property.

Standard of Review

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to
> demonstrate, *i.e.*,"[to] point out to the District Court," that the
> record does not disclose a genuine dispute on a material fact. It is
> enough for the movant to bring up the fact that the record does not
> contain such an issue and to identify that part of the record which
> bears out his assertion. Once this is done, his burden is discharged,
> and, if the record in fact bears out the claim that no genuine dispute
> exists on any material fact, it is then the respondent's burden to set
> forth affirmative evidence, specific facts, showing that there is a
> genuine dispute on that issue. If the respondent fails to carry that
> burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

2

*Anderson*, 477 U.S. at 248.

<u>Discussion</u>

Mount Vernon issued Policy No. CP 2635109A (the "Policy") to JMSF with a policy period of March 15, 2021 to March 15, 2022. The Policy's Building and Personal Property Coverage Form provides:

> A. Coverage
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
> 1. Covered Property
>> Covered Property, as used in this Coverage Part, means the type of property described in this section, A.1., and limited in A.2., Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.
>> a. Building, meaning the building or structure described in the Declarations, including:
>> (1) Completed additions;
>> (2) Fixtures, including outdoor fixtures;
>> (3) Permanently installed:
>>> (a) Machinery and
>>> (b) Equipment;
>> (4) Personal property owned by you that is used to maintain or service the building or structure or its premises, including:
>>> (a) Fire-extinguishing equipment;
>>> (b) Outdoor furniture;
>>> (c) Floor coverings; and
>>> (d) Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;
>> (5) If not covered by other insurance:
>>> (a) Additions under construction, alterations and repairs to the building or structure;
>>> (b) Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for making additions, alterations or repairs to the building or structure.

Mount Vernon argues that the refrigeration equipment and coolers are part of the building coverage that it has already paid, not business personal property. The Policy provides that the Building Coverage includes "fixtures," "permanently installed equipment," and "personal

3

property owned by you that is used to maintain or service the building or structure or its premises, including: [a]ppliances used for refrigerating, ventilating. . . . " Because Mount Vernon exhausted the full limit of building coverage prior to suit, it contends JMSF is not entitled to recovery for these items.

JMSF has presented sufficient evidence showing that there are genuine factual disputes as to whether the subject coolers are "fixtures," "permanently installed equipment," or "personal property owned by you that is used to maintain or service the building or structure."

Accordingly, Mount Vernon's motion for partial summary judgment is DENIED.

IT IS SO ORDERED 14th day of July, 2025.

_____
James M. Moody Jr.
United States District Judge